918 F.2d 186
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
INTERNATIONAL GUNNERY RANGE SERVICES, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1183.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1990.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 COWEN, Senior Circuit Judge.
 
 
 1
 International Gunnery Range Services, Inc. (Gunnery), appeals a decision of the Armed Services Board of Contract Appeals (ASBCA or Board) in Int'l Gunnery Range Servs., Inc. v. United States, 90-1 BCA (CCH) p 22,601 (Dec. 28, 1989). The Board rejected the contracting officer's decision on both liability and damages; held that Gunnery was entitled to recover, but remanded the case for a determination of the amount to be recovered. We dismiss the appeal for lack of jurisdiction.
 
 DISCUSSION
 
 2
 At the termination of the contract, the Department of the Air Force had pending before it Gunnery's five unresolved claims totalling $857,364.17. The claims consisted primarily of Gunnery's alleged loss of the opportunity to salvage trucks provided by the government under the terms of the contract.
 
 
 3
 Pursuant to the approval and direction of the Air Force Contract Adjustment Board, the parties entered into a modification, which provided for the settlement of Gunnery's claims by the transfer of 245 government surplus trucks to Gunnery. However, the government later found that it did not have the surplus trucks, and the parties failed to agree on the condition and values of the trucks to which Gunnery was entitled under the terms of the modification. Thereupon, the contracting officer terminated the contract for the convenience of the government, due to the nonavailability of the 245 surplus trucks. The contracting officer determined that the sum of $1,255,625 constituted fair and reasonable compensation for the 245 trucks. That amount was paid to Gunnery, which appealed the decision to the ASBCA. While the appeal was pending, the contracting officer amended the first decision and found that the amount that should have been paid to Gunnery was only $93,455.
 
 
 4
 On appeal, the ASBCA held that the modification agreement should be rescinded on the ground of mutual mistake. The Board also decided that the contracting officer's termination of the contract for convenience was a nullity, because the termination order had been issued long after contract performance had ended. The Board stated that it was unable to conclude that Gunnery was entitled to either the $1,255,625, which had been paid, or the $93,455, which had been found recoverable in the second decision of the contracting officer.
 
 
 5
 The Board also found that while Gunnery was entitled to recover on its five claims referred to above, the Board could not determine the value of the claims. Accordingly, the case was remanded with instructions that the parties should attempt to agree on the amount due Gunnery, but that if no agreement was reached, the contracting officer should issue a decision which would be subject to appeal to the Board. Finally, the Board held that the government was entitled to the $1,255,625 previously paid to Gunnery, less the amount which Gunnery would be entitled to recover on the remanded claims, plus appropriate interest.
 
 
 6
 The government has moved to dismiss this appeal on the ground that the Board's determination is not a final decision within the meaning of 28 U.S.C. Sec. 1295(a)(10).
 
 
 7
 On the authority of this court's recent decisions in Teledyne Continental Motors, Gen. Prods. Div. v. United States, 906 F.2d 1579 (Fed.Cir.1990); and Teller Envtl. Sys., Inc. v. United States, 802 F.2d 1385, 1389 (Fed.Cir.1986), we grant the government's motion to dismiss for lack of jurisdiction. In Teledyne, the court cited decisions by the Supreme Court and other courts, holding that a judgment, which is limited to the issue of liability and leaves the assessment of damages or other relief open, is not final.
 
 
 8
 Of the cases cited in Teledyne, we find that Teller Envtl. Sys., Inc. is so closely analogous that we deem it is controlling on the jurisdictional issue. In that case, the contracting officer determined that Teller was liable to the government for faulty repair work and assessed the amount of damages due the government. On appeal, the ASBCA considered both issues; held that Teller was liable to the government, but disagreed with the contracting officer's finding on damages, and remanded the case for a determination of the amount due the government. Since the Board in Teller failed to determine the amount of the liability, the court held that the Board's decision was not final and dismissed the appeal for lack of jurisdiction.